IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KAREN RIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. _____ |
| V. ) | Jury Demand |
| ) | |
| FIRST FARMERS AND MERCHANTS BANK, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Karen Riggins files this Complaint for damages relating to and resulting from age discrimination in connection with her employment with Rhodia, Inc. ("Rhodia"). Plaintiff asserts a claim for discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. For her Complaint, plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Culleoka, Maury County, Tennessee.

2. Defendant First Farmers and Merchants Bank is a Tennessee corporation having its principal place of business in Columbia, Maury County, Tennessee. Defendant operates retail banks throughout Middle Tennessee and employed plaintiff at its retail banks in Maury County, Tennessee. Defendant can be served with process through its registered agent, N. Houston Parks, 816 South Garden Street, Columbia, Tennessee 38401.

## STATEMENT OF JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiff asserts claims arising under the laws of the United States, specifically the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.

4. Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

## FACTUAL AVERMENTS

5. On January 19, 1995, plaintiff became employed with defendant as a bank teller.

6. During the fifteen years plaintiff worked for defendant, she performed her job duties satisfactorily and received favorable performance evaluations.

7. In July 2009, when plaintiff was 49 years old and in the age protected category, defendant transferred plaintiff to its new Northside bank branch and assigned her a new manager, Patrick Klesil, who was 29 years old.

8. Klesil told plaintiff that defendant wanted a "new look" at its new Northside branch, and defendant directed plaintiff to dress and wear makeup to make her look younger.

9. During her brief tenure on her new assignment, defendant trained plaintiff's younger coworkers on the new cash machines at the new branch, but it did not offer the same training opportunities to plaintiff.

10. Less than three weeks into her new assignment, defendant called plaintiff to a meeting and terminated her employment for the stated reasons that her cash

drawer was out of balance on one occasion and that a customer had reported that she was rude.

11. Plaintiff's younger coworkers had cash drawer imbalances and received customer complaints, and defendant did not terminate their employment.

12. Defendant replaced plaintiff with a much younger employee.

13. Plaintiff filed a timely charge of discrimination (alleging age discrimination) with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue ("Notice") from the EEOC dated April 13, 2011. A copy of the Notice is attached to this Complaint.

**Claim For Age Discrimination In Violation of Federal Law**

14. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 13 herein.

15. Defendant denied plaintiff training opportunities and terminated her employment because of her age.

16. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

17. As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

18. As a result of its actions, defendant is obligated to reinstate plaintiff to her employment and to make plaintiff whole for all lost earnings and benefits, including pre-judgment interest.

WHEREFORE, premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;

2. An Order of reinstatement;

3. An award of attorneys' fees;

4. A jury for the trial of this action; and

5. Such other, further and general relief to which she may be entitled.

_____
Stephen W. Grace, TN 14867
1019 16th
Nashville, Tennessee 37212
(615) 255-5225
sgrace@sgracelaw.com
Attorney for Plaintiff